Lawrence H. Meuers, Esq. (SBN 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239)513-9191
Facsimile: (239)513-9677
lmeuers@meuerslawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| HENRY AVOCADO CORPORATION d/b/a CUSTOMRIPE AVOCADO COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>P.Y. PRODUCE, LLC, *et al.*,<br><br>Defendants. | Case No. C 10-2251<br><br>ORDER |

Before this Court is Plaintiff's Ex-Parte Motion for Temporary Restraining Order in accordance with FRCP 65(b). Under this rule, a Temporary Restraining Order may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

In this case, it clearly appears from the Affidavit of Yolanda Herrera, Accounts Receivable Manager for Plaintiff, Henry Avocado Corporation d/b/a CustomRipe

Avocado Company ("CustomRipe"), that CustomRipe is a produce dealer and trust creditor of Defendant, P.Y. Produce, LLC ("P.Y. Produce") under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount of $86,492.00 supplied to P.Y. Produce as required by the PACA.

It is also clear from the same Affidavit and the Certification of Counsel that P.Y. Produce is in severe financial jeopardy and that PACA trust assets are being dissipated or threatened with dissipation and that said Defendant is not or may not be in a position to pay CustomRipe's claim, thereby warranting the relief requested by CustomRipe.

On the basis of the pleadings, affidavit and other submissions CustomRipe has filed in this matter, it appears CustomRipe will suffer immediate and irreparable injury due to P.Y. Produce's dissipation of CustomRipe's beneficial interest in the statutory trust created in accordance with 7 U.S.C. §499e(c) and that this dissipation will continue in the absence of injunctive relief. Therefore, the Court is of the opinion that a Temporary Restraining Order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. <u>J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.</u>, 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice

assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with FRCP 65(b)(2), CustomRipe's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that CustomRipe and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this Order is granted without notice.

Therefore, it is by the United States District Court for the Northern District of California **ORDERED:**

1. Defendant P.Y. Produce, LLC, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with this Defendant, including Defendant, Jose Gomez, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without CustomRipe's agreement, or until further order of this Court.

2. Under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of P.Y. Produce, LLC unless P.Y. Produce, LLC can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, P.Y. Produce, LLC may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that P.Y. Produce, LLC maintains the proceeds of such sale

1  subject to this Order.

2      3.    This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

    4.    The $86,492.00 in PACA trust assets belonging to CustomRipe and in the possession of Defendant will serve as CustomRipe's security for this injunction as required by FRCP 65(c).

    5.    This Temporary Restraining Order is entered this 27th day of May, 2010, at 1:19 ☐ a.m. ☒ p.m.

    6.    A hearing on CustomRipe's Motion for Preliminary Injunction is set for June 9, 2010, at 9:00 a.m. before Judge Saundra Brown Armstrong.

    7.    CustomRipe has until June 1, 2010 to serve a copy of this Order by personal service, including by facsimile transmission or federal express. Such service shall be deemed good and sufficient.

    8.    Defendants have until June 3, 2010 at 5:00 p.m. to file any and all responsive papers to CustomRipe's Motion for Preliminary Injunction.

IT IS SO ORDERED.

Dated: May ___, 2010

                                                   United States District Judge